# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| VINCENT PAOPAO Jr., | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | ) |
| V. | ) |
| | ) |
| CHICAGO POLICE OFFICER GREGORY | ) |
| STRANSKI, STAR No. 7907, and the CITY of | ) |
| CHICAGO, a municipal corporation, | )    **JURY DEMAND** |
| | ) |
| **DEFENDANTS.** | ) |

## COMPLAINT

NOW COMES Plaintiff, VINCENT PAOPAO JR., by and through his attorneys, the LAW OFFICES OF JEFFREY J. NESLUND and ROBERTSON DURIC, CHICAGO POLICE OFFICER GREGORY STRANSKI Star No. 7907 and the CITY OF CHICAGO, individually and employees/Agents of the STATE OF ILLINOIS, a municipal corporation and states as follows:

## INTRODUCTION

1. This is an action for civil damages brought pursuant to 42 U.S.C. **§** 1983 for the deprivation of the constitutional rights of Plaintiff VINCENT PAOPAO JR. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a), and the Constitution of the United States.

2. Venue in this district is proper pursuant to 28 U.S.C **§** 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois and all parties reside within the Northern District of Illinois.

3. Plaintiff VINCENT PAOPAO JR. at all times relevant herein was living in the Northern District of Illinois.

4. Defendant Chicago Police Officer GREGORY STRANSKI Star No. 7907 (hereinafter referred to as "STRANSKI"), was at all times material hereto, a duly appointed Chicago Police Officer employed by the City of Chicago and acting in the capacity of a sworn law enforcement official, and as agent of the City of Chicago and under the color of law.

5. Defendant CITY of CHICAGO is a municipal corporation duly incorporated under the laws of the State of Illinois and the employer of Defendant STRANSKI.

**FACTUAL SUMMARY**

6. On June 6, 2017, approaching midnight, Plaintiff VINCENT PAOPAO JR. was a passenger in a car driven by Mario Gadberry.

7. The car driven by Mario Gadberry was being pursued on the northwest side of the City of Chicago by a Chicago Police Department vehicle in which Defendant STRANSKI was a passenger.

8. During that police chase, Defendant STRANSKI discharged his handgun multiple times through the front windshield of his police vehicle with the intent to shoot Plaintiff, VINCENT PAOPAO JR.

9. Defendant OFFICER STRANSKI shot VINCENT PAOPAO JR. in the head during the police pursuit that ended at or near 6925 W. George St. in Chicago, Illinois.

10. As a result of being shot by Defendant STRANSKI, Plaintiff VINCENT PAOPAO JR. was subsequently hospitalized for his injuries, and suffered physical pain,

permanent scarring, disfigurement, disability and life altering physical injuries.

11.  In order to justify his use of deadly force, Defendant STRANSKI fabricated evidence which caused Plaintiff VINCENT PAOPAO JR. to be charged with felony offenses and deprived of his liberty.

**COUNT I**
**42 U.S.C. § 1983: Excessive Force**

12.  Plaintiff re-alleges and incorporates paragraphs 1-11 above as fully stated herein.

13.  The acts of the Defendant STRANSKI were a deliberate and deprivation of the constitutional rights of Plaintiff VINCENT PAOPAO JR. against excessive force as guaranteed by the Fourth Amendment of the Constitution and made applicable to the states by the Fourteenth Amendment.

14. As a direct and proximate result of the unreasonable and unjustifiable excessive force used by the Defendant STRANSKI, Plaintiff VINCENT PAOPAO JR. suffered physical and emotional injuries, and other damages in violation of 42 U.S.C. §1983, including a gunshot wound to the head, permanent scarring and disfigurement, disability, substantial mental anguish, emotional distress, anxiety and interference with certain basic life functions.

15.  The misconduct undertaken by Defendant STRANSKI was committed within the scope of his employment for the City of Chicago as a police officer acting under color of law.

## COUNT II
### Fourth Amendment Deprivation of Liberty

16. Plaintiff re-alleges and incorporates paragraphs 1-11 above as fully stated herein.

17. Defendant STRANSKI fabricated evidence that Plaintiff VINCENT PAOPAO JR. stuck his head and arm out the passenger window and pointed a gun in Defendant STRANSKI'S direction during the police chase in order to justify the excessive and unreasonable discharge of his weapon outlined above.

18. Defendant STRANSKI provided false and fabricated evidence to investigators and prosecutors, which caused Plaintiff VINVENT PAOPAO JR. to be incarcerated and deprived of his liberty in violation of his Fourth Amendment rights guaranteed by the U.S. Constitution.

19. The misconduct undertaken by Defendant GREGORY STRANSKI was committed within the scope of his employment for the City of Chicago as a police officer acting under color of law.

## COUNT III
### Indemnification

.

20. Plaintiff hereby incorporates paragraphs 1-19 as though fully set forth herein.

21. At all relevant times, Defendant City of Chicago was the employer of Defendant GREGORY STRANSKI.

22. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS10/9-102.

23. Defendant STRANSKI committed the tortious misconduct alleged above under the color of law and within the scope of his employment with the City of Chicago.

## **REQUEST FOR RELIEF**

24. Plaintiff VINCENT PAOPAO JR. respectfully requests that the Court:

a. Enter a judgment in Plaintiff's favor against Defendant GREGORY STRANSKI;

b. Award compensatory damages to Plaintiff against Defendant GREGORY STRANSKI;

c. Award attorney's fees to Plaintiff against Defendants;

d. Award punitive damages to Plaintiff against Defendant GREGORY STRANSKI;

e. Award prejudgment interest and post-judgment interest on any award against Defendants;

f. Grant any other relief this Court deems just and appropriate, including equitable relief.

## **JURY DEMAND**

Plaintiff VINCENT PAOPAO JR. demands a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,
 /s/ Jeffrey Neslund
One of Plaintiff's Attorneys

The Law Offices of Jeffrey Neslund
20 N. Wacker Dr., Suite 3710

Chicago, Illinois 60606
(312) 223-1100
Robert Robertson
Robertson Duric
One N. LaSalle Street, Suite 300
Chicago, IL 60602
(312) 223-8600